IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| XENEX HEALTHCARE SERVICE, LLC, a Texas Limited Liability Company, as successor in interest to XENEX TECHNOLOGIES, INC., a Delaware Corporation, | § § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:11-cv-619 |
| vs. | § § | |
| YANEX TECHNOLOGIES, INC., a New York Corporation; MELITTA, NPP, a Russian Corporation; YAKOV GOLDSTEIN, an Individual; and GENADDY SHAROVETSKIY, an Individual, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Xenex Healthcare Service, LLC, ("Xenex") as successor in interest to Xenex Technologies, Inc., alleges as follows:

1.    Xenex brings this action to recover damages it has and continues to incur as a result of the wrongful conduct of the Defendants.  Defendants Goldstein and Sharovetskiy are long time friends from Russia.  Goldstein owns Defendant Melitta, a Russian company that manufactures a portable disinfection device that is supplied to Defendant Yanex, owned by Sharovetskiy, in the United States.  Goldstein, Sharovetskiy, and Melitta conspired to fraudulently induce Xenex to enter into an agreement with Yanex under which Xenex would distribute the machine in the United States.  Xenex has experienced customer complaints relating to the machines, but Yanex refuses to honor its obligation under the parties' agreement to replace or repair the machines, instead telling Xenex to look to Melitta in Russia for repairs and

replacement parts.  Melitta in turn refuses to supply the replacement parts unless Xenex agrees to materially different contract terms.  Xenex seeks damages as set forth below.

## I.      JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, the minimal jurisdictional amount of this Court.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## II.     THE PARTIES

4.      Xenex is a limited liability company duly organized and existing under the laws of the State of Texas with a principal place of business at 3019 Alvin Devane Blvd., Suite 110, Austin, Texas 78741.  Xenex specializes in the disinfection of healthcare facilities.

5.      Yanex Technologies, Inc. ("Yanex") is a corporation duly organized and existing under the laws of the State of New York and is headquartered at 5407 Foster Ave., Brooklyn, New York 11234.   Yanex sells a portable disinfection device, called the Yanex-01 (the "Machine") which utilizes pulsed xenon technology.

6.      Melitta, NPP ("Melitta") is a corporation duly organized and existing under the laws of Russia, and is headquartered at 117997, Moscow, Mikluho-Maclay str, 16/10.  Melitta manufactures the Machines and provides them to Yanex.

7.      Genaddy Sharovetskiy ("Sharovetskiy") is a Russian-born individual that currently resides in Brooklyn, New York.  Sharovetskiy is an owner of Yanex.

8.      Yakov Goldstein ("Goldstein") is an individual that currently resides in Moscow, Russia.  Goldstein is an owner of Melitta.

## III.    FACTUAL ALLEGATIONS

9.      Xenex Technologies, Inc. entered into an Exclusive Distribution and Re-Sale Agreement (the "Agreement") with Yanex, effective May 18, 2009.   The Agreement was

subsequently assigned by Xenex Technologies, Inc. to Xenex. Xenex and Yanex amended the Agreement on or about April 7, 2010.

10.     Under the Agreement, Yanex appointed Xenex as its sole and exclusive agent to promote, buy, sell and distribute the Machine in the United States. Xenex agreed to and did purchase 25 Machines by February 28, 2011, paying for the Machines in full with no residual amounts due Yanex based on Xenex's sales of the Machines, thereby exhausting Yanex's and Melitta's patent rights in the purchased Machines.

11.     In the Agreement, Yanex warranted that the Machines would be free from any defects in design, materials, and workmanship, and that the Machines would conform to stated specifications. Yanex also agreed to "promptly replace any machine that fails to operate according to the design specifications or in accordance with the performance representations made by [Yanex.]"

12.     Xenex has received complaints regarding the Machines that it distributed. As just one example, the Machine's bulbs are warranted to provide over 10,000,000 pulses, but customers have complained that the bulbs do not last as long as warranted. Xenex has returned numerous Machines as a result of mechanical and electrical problems.

13.     Xenex notified Yanex and Melitta (the manufacturer) of these complaints. Yanex and Melitta both acknowledged the problems and repeatedly promised to correct them, but have not done so. Additionally, Yanex has flatly ignored Xenex's existing orders for replacement bulbs, instructing Xenex to instead look to Melitta—in Russia—to supply replacement bulbs. Melitta also refuses to provide replacement bulbs to Xenex unless Xenex will agree to a much less favorable contract than the one it has with Yanex.

14.     In direct breach of the Agreement, Yanex has failed and refused to honor its obligation under the Agreement to repair or replace the Machines, and as a result Xenex continues to experience unacceptable problems with the Machines. Melitta and Yanex were notified of these problems and provided with an opportunity to correct them, but they refuse.

15.     Xenex was persuaded to enter into the Agreement and ultimately decided to enter into the Agreement based on the representations of Yanex, Melitta and Sharovetskiy (owner of Yanex) and Goldstein (owner of Melitta).   Based on these representations, and with full knowledge of Yanex, Melitta, Sharovetskiy and Goldstein, Xenex has raised substantial funds from investors to purchase the Machines and bulbs and to develop the market for the use of pulsed-xenon to disinfect healthcare facilities.   Xenex did so based on the promises made by Yanex, Melitta, Sharovetskiy and Goldstein, including the exclusive rights provided to Xenex under the Agreement.   These representations have proven false.

16.     Sharovetskiy and Goldstein have conspired together and with Melitta to induce Xenex to enter into the pulsed-xenon market and they are now attempting to destroy Xenex's existing and prospective business relations.   Sharovetskiy and Goldstein are aware that Xenex has an immediate need for replacement bulbs and new machines to support Xenex's existing customers.   Sharovetskiy, Goldstein and Melitta are either attempting to eliminate Xenex's exclusive rights to take Xenex's business for themselves, or, they are attempting to "leverage" Xenex's immediate need for bulbs and new machines, to force Xenex to renegotiate the terms of the Agreement.

17.     Despite these representations and the Agreement's grant of exclusivity, on July 8, 2011, Yanex sent Xenex a letter in which Yanex baselessly purported to terminate the Agreement, claiming that the Agreement is "now a nullity."   Yanex has no right to terminate the Agreement, and its claim that the Agreement is a nullity is an attempt to wrangle away from Xenex the exclusivity to which it is entitled under the Agreement.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
(Alleged Against Yanex)

18.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

19.     The Agreement between Xenex and Yanex is a valid and enforceable agreement.

20.     Yanex has breached several provisions of the Agreement, including but not limited to the following:

    a.  1., in which Yanex appointed Xenex as Yanex's sole and exclusive agent to promote, buy, sell, and distribute the Machines in the United States;

    b.  8.2.6., in which Yanex warranted that the Machines sold to Xenex would be free from defects in design, materials and workmanship;

    c.  8.2.6., in which Yanex warranted that the Machines sold to Xenex would conform to stated specifications;

    d.  8.2.6., in which Yanex warranted that it shall promptly replace any Machine that fails to operate according to stated specifications or in accordance with the performance representations made by Yanex;

    e.  8.2.2., which requires that Yanex meet the purchase order requirements of Xenex;

    f.  8.2.4., which requires that Yanex timely manufacture and supply the Machines in compliance with the specifications of the Machines;

    g.  19.4., in which Yanex represented that Melitta has a duly executed assignment or licensing agreement in place on U.S. Patent No. 6,264,902, and that such license agreement shall remain in full force and effect during the term of the Agreement; and

    h.  19.7., in which Yanex warranted and represented that it has the requisite and necessary experience, equipment, facilities, and personnel to properly manufacture the Machines.

21.     As a direct and proximate result of Yanex's breach of the Agreement, Xenex has incurred expenses and has suffered damages, including direct, actual, indirect, and consequential damages, in an amount to be proven at trial.  Xenex is further entitled to its attorneys' fees and expenses pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.  All conditions precedent have occurred or have been performed.

## SECOND CAUSE OF ACTION
## FRAUDULENT INDUCEMENT
### (Alleged Against All Defendants)

22.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

23.     During the time leading up to the execution of the Agreement, Defendants made material misrepresentations to induce Xenex and its predecessor in interest to enter into the Agreement, raise significant funds from investors to purchase the Machines and bulbs, and to develop the market for the use of pulse-xenon to disinfect healthcare facilities.

24.     The acts, omissions, and misrepresentations by Defendants Yanex, Melitta, Sharovetskiy and Goldstein constitute misrepresentations of material facts.

25.     Defendants' misrepresentations to Xenex and its predecessor in interest were made knowingly or with reckless disregard of the truth and were made with the intent that Xenex would act upon the misrepresentations.

26.     Xenex reasonably relied on the misrepresentations to its detriment.  Among other things, Xenex reasonably relied on Defendants' misrepresentations and as a result raised significant funds from investors to purchase the Machines and bulbs and to develop the market for the use of pulsed-xenon to disinfect healthcare facilities.

27.     Xenex has incurred expenses and has suffered damages, including direct, actual, indirect, and consequential damages, as a proximate result of these misrepresentations in an amount to be proven at trial.

28.     Defendants' malfeasance was intentional, willful, oppressive and malicious. Xenex is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION
### CONSPIRACY
(Alleged Against Defendants Melitta, Sharovetskiy and Goldstein)

29.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

30.     Defendants Melitta, Sharovetskiy and Goldstein conspired by concerted action to induce Xenex and its predecessor in interest to enter into the Agreement with Yanex, supply Machines to Xenex, and caused Xenex to incur substantial amounts of money to develop the market for the use of pulsed-xenon to disinfect healthcare facilities.  Defendants then attempted to extort additional sums from Xenex to repair the Machines.

31.     Defendants' conduct was intentional, and Defendants Melitta, Sharovetskiy and Goldstein had a meeting of the minds as to their course of action.

32.     Defendants Melitta, Sharovetskiy and Goldstein each committed at least one overt act in furtherance of the conspiracy.

33.     As a direct and proximate result of Defendants' conduct, Xenex has been damaged.

### FOURTH CAUSE OF ACTION
### TORTIOUS INTERFERENCE WITH EXISTING CONTRACT
(Alleged Against Defendants Melitta, Sharovetskiy and Goldstein)

34.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

35.     The Agreement between Xenex and Yanex is a valid and enforceable agreement.

36.     Defendants Melitta, Sharovetskiy and Goldstein had actual knowledge of the Agreement and that Xenex had an interest in the Agreement, or alternatively had knowledge of facts and circumstances that would lead a reasonable person to believe there was a contract between Xenex and Yanex in which Xenex had an interest.

37.     Defendants Melitta, Sharovetskiy and Goldstein have intentionally interfered with the Agreement by inducing Yanex to breach the Agreement and/or by hindering Yanex's performance under the Agreement.

38.     Defendants Melitta, Sharovetskiy and Goldstein's interference with the Agreement was intentional.   Additionally, Defendant Sharovetskiy acted willfully and intentionally to serve his own personal interests in interfering with the Agreement.

39.     As a direct and proximate result of Defendants Melitta, Sharovetskiy and Goldstein's conduct, Xenex has been damaged.

40.     Upon information and belief, Defendants Melitta, Sharovetskiy and Goldstein's actions are willful and wanton, or in reckless disregard for the rights of Xenex.

**FIFTH CAUSE OF ACTION**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**
(Alleged Against Defendants Melitta, Sharovetskiy and Goldstein)

41.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

42.     There is a reasonable probability that Xenex would have entered into a business relationship with one or more persons to whom it has attempted to sell a Machines it purchased from Yanex.

43.     Defendants Melitta, Sharovetskiy and Goldstein have intentionally interfered with Xenex's prospective business relations by attempting to extort money from Xenex to obtain replacement parts for the Machines.  This conduct is independently tortious.

44.     Defendants Melitta, Sharovetskiy and Goldstein's interference proximately caused injury to Xenex.

45.     Upon information and belief, Defendants Melitta, Sharovetskiy and Goldstein's actions are willful and wanton, or in reckless disregard for the rights of Xenex.

## DAMAGES

46.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

47.     As a result of Defendants' wrongful conduct alleged herein, Xenex has suffered and will continue to suffer damages, including, among other damages, those incurred as a result servicing Machines, purchasing and installing replacement parts, providing refunds to customers returning their Machines, shipping costs, lost sales, and lost profits.

48.     Xenex has also suffered damages as a result of its having raised funds to purchase the Machines, distributing the Machines, marketing the Machines, and develop the market for the use of pulsed-xenon to disinfect healthcare facilities.

## ATTORNEYS' FEES

49.     Xenex incorporates as if fully set forth herein the allegations of Paragraphs 1 through 17 above.

50.     Defendants' conduct as described herein and the resulting damage and loss to Xenex have necessitated the retention of the attorneys whose names are subscribed to this Complaint.  Xenex is, therefore, entitled to recover from Defendants an additional sum to compensate for a reasonable fee for such attorneys' necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

51.     In addition, in the Agreement, Yanex agreed that Xenex shall be entitled to its reasonable attorneys' fees and other costs incurred in any legal action or other proceeding brought to enforce the Agreement or because of any alleged dispute, breach, default or misrepresentation in connection with any of the provisions of the Agreement.  Thus, Xenex is entitled, under Texas Civil Practice and Remedies Code § 38.001, to recover from Defendant

Yanex its reasonable and necessary attorneys' fees and costs incurred in connection with this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Xenex Healthcare Service, LLC, as successor in interest to Xenex Technologies, Inc., prays for judgment against all applicable Defendants as follows:

1.      For a judgment in favor of Xenex on the above causes of action;

2.      For damages as alleged above according to proof;

3.      For exemplary and punitive damages to the extent permitted by law;

4.      For costs and attorneys' fees to the extent permitted by law;

5.      For interest as allowed by law in an amount to be proven at trial; and

6.      For such other and further damages, relief and pre- and post-judgment interest as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff Xenex Healthcare Service, LLC, as successor in interest to Xenex Technologies, Inc., requests a jury trial of all issues so triable.

Dated:  July 21, 2011                    Respectfully submitted,


                                         /s/ *Steven M. Zager*
                                         Steven M. Zager, Attorney-In-Charge
                                         Texas Bar No. 22241500
                                              szager@akingump.com
                                         AKIN GUMP STRAUSS HAUER & FELD LLP
                                         One Bryant Park
                                         New York, NY 10036
                                         Telephone: 212.872.1037
                                         Facsimile:  212.872.1002

                                         David C. Lawrence
                                         Texas Bar No. 24041304
                                              dlawrence@akingump.com
                                         AKIN GUMP STRAUSS HAUER & FELD LLP
                                         300 W. 6th Street, Suite 1900
                                         Austin, TX 78701
                                         Telephone: 512.499.6207
                                         Facsimile: 512.499.6207

                                         **Attorneys for Plaintiff**
                                         **XENEX HEALTHCARE SERVICE, LLC, as**
                                         **successor in interest to XENEX**
                                         **TECHNOLOGIES, INC.**